IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT BEARDSLEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-1200 |
| | § | |
| RANDALLS FOOD & DRUGS LP and | § | |
| RANDALLS FOOD MARKETS, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Robert Beardslee, sued Randalls Food & Drug, L.P., and Randalls Food Markets, LLC on April 21, 2009. Beardslee was employed as a manager at one of the defendants' stores between 2004 and 2007. In the complaint, Beardslee alleged that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime for hours worked in excess of forty hours in a workweek. Beardslee filed the complaint as a collective action under Section 16 of the FLSA. *See* 29 U.S.C. § 216. This court has not certified the suit as a collective action and no individual has given written consent to join the suit as a plaintiff. Beardslee and the defendants have agreed to settle. Beardslee has moved for approval of the settlement agreement and to dismiss his individual claims with prejudice and the collective action allegations without prejudice. (Docket Entry No. 8).

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages

under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States*, *U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir.1982).[1]  If the settlement reflects "a reasonable compromise over issues," the court may approve it.  *Id.* at 1354.

In this case, there are genuine disputes over whether the FLSA applies to Beardslee and the amount, if any, of backpay, liquidated damages, and attorney's fees due.  This court has reviewed the settlement agreement and finds that the amount to be paid to Beardslee and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable.  Because the collective action allegations are dismissed without prejudice, this settlement binds no one but the named parties.  The suit was filed recently and there is no indication that others are relying on this case.  This court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA.  The motion to dismiss is granted.  Beardslee's claims are dismissed with prejudice and the collective action allegations are dismissed without prejudice.

An order of dismissal is entered by separate order.

SIGNED on July 7, 2009, at Houston, Texas.

                                        Lee H. Rosenthal
                                    United States District Judge

---

[1] *Lynn's* requires judicial approval of a *compromise* of FLSA claims.  When a defendant offers a plaintiff full compensation for her FLSA claim, no compromise is involved and judicial approval is unnecessary. *Mackenzie v. Kindred Hospitals East*, *L.L.C.*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003).  The settlement in this case is a compromise of disputed claims.